### BEAVER et al. v. DANIEL.
#### No. 10143.

Court of Civil Appeals of Texas.
Austin.

June 3, 1953.

Rehearing Denied June 24, 1953.

William C. McDonald, San Angelo, for appellants.

Stovall & Gibbs by Charles M. Gibbs, San Angelo, for appellee.

ARCHER, Chief Justice.

This is a suit on a bond brought by appellee against the appellants, alleged to be sureties on a bond executed by R. H. Andrews et al.; a judgment having been obtained against the appellants for $544 growing out of a suit for damages resulting from a collision between the taxicab owned by Andrews and Smith and a car belonging to Daniel.

This case was tried with the aid of a jury on special issues and judgment was rendered on the verdict of the jury in favor of plaintiff.

The appeal is before this Court on eleven points assigned as error and are that the court should have granted defendants' motion to join W. L. Smith and R. H. Andrews as third party defendants, and should have granted a new trial and in refusing defendants' motion for judgment, and that it was fundamental error to enter a judgment for plaintiff because the charge was not based on the pleadings; that the court should have granted defendants' motion for judgment notwithstanding the verdict; that the judgment is not supported by the verdict; that it was error for the court to admit in evidence a copy of the decision of the Court of Civil Appeals; that it was error to admit the testimony of certain witnesses for plaintiff because it was hearsay.

We do not believe that the court was in error in overruling appellants' motion to join the two third parties defendant because a judgment had been previously rendered against them as principals in a former suit, and which judgment had become final.

This was a suit on an indemnity bond which the appellants' had executed under the provisions of an Ordinance of the City of San Angelo, Texas, regulating the operation of taxicabs, in lieu of liability insurance for the protection of the public.

As has been noted in 1950 an automobile operated by Daniel was involved in a col-

lision with a taxicab owned by R. H. Andrews and W. L. Smith, and in a suit, Daniel was awarded a judgment for $742, which on appeal to this Court was reformed and as reformed affirmed. Andrews v. Daniel, Tex.Civ.App., 240 S.W.2d 1018.

An execution against the principals was returned unsatisfied, and under the terms of the bond this suit was brought by appellee to recover said judgment over and against the appellants as sureties on said bond.

Sec. 5(b) of the City Ordinance, pertaining to licensing and operation of taxicabs under which the indemnity bond at issue was executed by appellants as sureties, provides that such bond shall be conditioned for the payment of all final judgments that may be rendered against any person operating a taxicab as defined by the ordinance. The bond provides for the payment of the liability imposed by law for damages occasioned by the operation of such taxicab with a maximum liability of $1,000 for any one accident, and provides that an execution on a judgment against the principals must be issued to Tom Green County, Texas, and returned unsatisfied before suit may be brought against the sureties on said bond.

█ The law is settled that sureties on an indemnity bond required for indemnification of the public under statute or ordinance are not proper parties to a suit by an injured person where the ordinance or bond provides for the payment of all final judgments against the principal and the injured person must first obtain a final judgment against such principal before his cause of action arises against the sureties. Grasso v. Cannon Ball Motor Freight Lines, Tex.Com.App., 125 Tex. 154, 81 S. W.2d 482; Ferris v. Southern Underwriters, Tex.Civ.App., 109 S.W.2d 223, error ref.

Rule 31, Texas Rules of Civil Procedure, provides:

"No surety shall be sued unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in cases otherwise provided for in the law and these rules." Latimer v. Texas & N. O. R. Co., Tex.Civ.App., 56 S.W.2d 933, error ref.

Article 6248, Vernon's Ann.Civ.St., provides for the rights and remedies afforded sureties, and is that a surety who is compelled to pay any judgment that such judgment shall be considered as assigned to such surety.

█ The court did not abuse its discretion in overruling the motion for continuance because of absent witnesses filed on the day the case was set for trial.

Defendants' (appellants) First Amended Original Answer does not set up a plea of payment.

The ground for continuance was that witness W. L. Smith, one of the principals against whom the judgment had been had, would testify that such judgment had been paid.

The trial court heard the testimony of the witnesses on the hearing of the motion for continuance, and we have read such record and we do not believe the trial court erred in his order.

Since the appellants did not plead payment affirmatively the testimony sought would not have been admissible. Rule 95, T.R.C.P.; Erback v. Donald, Tex.Civ. App., 170 S.W.2d 289; Texas Indemnity Ins. Co. v. Harlan, Tex.Civ.App., 236 S.W. 2d 564, error dism.

There was introduced in evidence the judgment sued on, the judgment of the Court of Civil Appeals reforming and affirming such judgment, the execution on the judgment against the principals with the officer's return marked "Nulla bona." The ordinance in question, the indemnity bond, the license issued by the city for the taxicab involved in the collision, the assumed name register of Yellow Cab Company showing the principals to be the owners, and testimony showing that the cab in question was being operated as a taxicab under the provisions of the ordinance.

The indemnity bond was for the benefit of the public to pay all final judgments rendered against the principals with maximum liability to the sureties of $1,000 in any one

accident, and the only requisite to be complied with by such injured person before liability under the bond became absolute against the sureties thereon is that execution on such final judgment must be returned unsatisfied against the principals.

The plaintiff complied with all of the requirements of the bond and was entitled to a judgment against the appellants.

In Browne v. French, Tex.Civ.App., 22 S.W. 581, the Court announces the general rule as to the liability of sureties.

Pan-American Cas. Co. v. Basso, Tex. Civ.App., 252 S.W.2d 505, error ref., is a case substantially the same as is the case under consideration and is determinative of the point at issue in this case.

We see no merit in the point that the court erred in admitting certified photostatic copies of the original judgment and of a copy of the opinion of the Court of Civil Appeals as being in violation of the provisions of Articles 3720 and 3726b, V.A.C.S., because Article 3720, V.A.C.S., controls the introduction of certified copies of judgments or other court records.

We believe that the charge was a proper one in this suit as there were no controverted issues of fact raised by the pleadings and evidence, and all issues not submitted must be deemed found by the court in such manner as to support the judgment.

Appellants did not deny the execution of the indemnity bond and rested at the close of appellee's testimony, and appellee's testimony was uncontroverted.

The issues submitted inquired if the taxicab involved in the collision was being operated as a taxicab as defined by the City Ordinance, and under a taxicab license issued by the city, and whether such taxicab was owned by Andrews and Smith on the date of the collision; these three issues were answered in the affirmative. No objection was made to the charge by appellants and no issues requested by them. National Security Life & Cas. Co. v. Benham, Tex.Civ.App., 233 S.W.2d 334, error ref. n. r. e.

We have given careful consideration to all assignments made by appellants, and whether we have directly discussed them or not we overrule them as not constituting reversible error.

The judgment of the trial court is affirmed.

Affirmed.