William T. HARRISON, Appellant,

v.

LEASING ASSOCIATES, INC., Appellee.

No. 361.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 6, 1970.

Ronald R. Romack, Romack & Davis, Houston, for appellant.

C. J. Boudreaux, John A. Cavin, Ross, Banks, May, Cron & Cavin, Houston, for appellee.

BARRON, Justice.

This is a suit on a promissory note. About June 21, 1968, Dr. William T. Harrison and Alfred L. Rubin executed and delivered an unsecured promissory note in the principal sum of $30,198.55 to appellee, Leasing Associates, Inc., said note bearing interest at the rate of 10% per annum and payable in equal installments of $350.00 per month until paid in full. Suit was brought alleging default of payment and acceleration of the total indebtedness. Dr. Harrison filed an amended answer in which he alleged that "approximately $20,000.00 has been paid to Leasing Associates, Inc., and no credit has been given to this defendant's account. Such action on the part of the plaintiff constitutes a just and legal offset for which allowance has not been made." The answer of appellant, Dr. Harrison, allegedly was under oath, the oath reading that the answer was "true and correct to the best of his knowledge."

Appellee filed motion for summary judgment and attached the original of the note above referred to, which shows no payments or other credits in favor of appellant. The trial court after a hearing rendered summary judgment in favor of Leas-

ing Associates, Inc., appellee, and against William T. Harrison, appellant, in the sum of $28,798.55, with interest at the rate of 10% per annum from June 21, 1968 and $2,879.85 attorney's fees. No affidavits were filed by either party.

Appellant contends that the judgment should be reversed since appellant has shown by sworn denial that genuine issues of material fact have been raised, to-wit: that all just and legal offsets have not been allowed.

■ The burden of proof is on the movant in a summary judgment case, all doubts as to the existence of genuine issues as to any material fact are resolved against the movant, and the evidence must be viewed in the light most favorable to the party opposing the motion.

Rule 95, Texas Rules of Civil Procedure, reads as follows:

> "When a defendant shall desire to prove payment, he shall file with his plea an account stating distinctly the nature of such payment, and the several items thereof; failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof."

Payment is a plea in avoidance, and payments not admitted in plaintiff's petition must be specially alleged. Commercial Inv. Trust v. Smart, 123 Tex. 180, 69 S.W.2d 35 (Tex.Com.App.), Op. adopted; Southwestern Fire & Casualty Co. v. Larue, 367 S.W.2d 162 (Tex.Sup.); Rule 94, T.R.C.P. Appellant's attempt to plead payment as shown above in general language and without specifying the nature of such payment, if any, or the several items thereof, is a pure conclusion. The plea should have gone further and specified what such credits and offsets were. Smith v. Crockett Production Credit Association, 372 S.W.2d 956, 959, (Tex.Civ.App.), writ. ref., n. r. e.

We hold that the pleadings above are insufficient to raise any issue of material fact in regard to payment. The appellant had ample opportunity to plead in accordance with Rule 95, and having failed to do so, we must assume that his attempted plea of payment above was not based upon fact.

Since the execution and validity of the note were not in issue, and since the pleadings concerning payment are mere conclusions and not based upon facts which were alleged, the trial court did not err in rendering summary judgment in favor of appellee, Leasing Associates, Inc. We do not believe that appellant's allegations were sufficient considering the foregoing circumstances, or that appellee was required to make special exception to such a pleading in view of Rule 95 above. The purpose of Rule 95 is clear and its requirements are definite.

The judgment of the trial court is affirmed.