Edward P. **REA**, Appellant,

v.

**SUNBELT SAVINGS, FSB, DALLAS,**
Texas, Appellee.

No. 05–91–00098–CV.

Court of Appeals of Texas,
Dallas.

Dec. 16, 1991.

Richard Jackson, Tresi Moore Freemyer, Dallas, for appellant.

Jack N. Ross II, Dallas, for appellee.

Before BAKER, THOMAS and WHITTINGTON, JJ.

## OPINION

THOMAS, Justice.

Edward P. Rea appeals from a summary judgment rendered in favor of Sunbelt Savings, FSB, Dallas, Texas, in its suit to recover the unpaid balance due on a promissory note. In six points of error, Rea contends generally that the trial court erred in rendering summary judgment against him because: (a) *D'Oench*[1] does not bar proof of payment since Sunbelt's own records show payment; (b) he raised a material fact issue as to whether there was an amount due and owing on the note and whether the entire $2.1 million was funded; and (c) Sunbelt is not a holder in due course because the note is non-negotiable. The trial court's judgment is affirmed.

## FACTUAL BACKGROUND

In June 1985, Rea executed a $2.1 million promissory note payable to Sunbelt Savings Association of Texas (Old Sunbelt) for the purchase of a Falcon 20 jet. The note matured on June 1, 1988, and all unpaid amounts became immediately due. Old Sunbelt demanded payment of the unpaid principal and interest on the note, but Rea failed to pay the outstanding balance.

On August 17, 1988, Old Sunbelt sued Rea to recover the unpaid principal and interest. Two days later, the Federal Home Loan Bank Board declared Old Sunbelt insolvent and appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as its receiver. FSLIC and Sunbelt Savings, FSB, Dallas, Texas (New Sunbelt), entered an acquisition agreement pursuant to which New Sunbelt acquired the note signed by Rea. In May 1989, New Sunbelt substituted itself as plaintiff and filed an amended petition. Rea then filed his second amended answer and counterclaim, alleging various affirmative defenses and counterclaims. The trial court, after three motions for summary judgment by New Sunbelt, entered a final summary judgment on October 5, 1990, in favor of New Sunbelt on its claims under the note and on all of Rea's affirmative defenses and counterclaims.[2]

---

1. *See D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) (obligor who lends himself to a scheme or arrangement likely to mislead bank examiners may not assert against FDIC any part of an agreement that might diminish value of written loan obligation).

2. Rea has not complained on appeal that the trial court erred in granting summary judgment on his counterclaims.

### PAYMENT DEFENSE

In the first four points, Rea contends generally that the trial court erred in granting New Sunbelt summary judgment on his payment defense. He asserts that *D'Oench* does not bar this defense because New Sunbelt's own records show that the note was paid in full and that he raised a genuine issue of material fact as to whether there was an amount due under the note. New Sunbelt maintains that it was entitled to summary judgment on Rea's payment defense because Rea failed to comply with rule 95 of the Texas Rules of Civil Procedure, which sets forth the requirements for asserting the affirmative defense of payment.

In reviewing a summary judgment record, this Court applies the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The question on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the cause of action. *Gibbs v. General Motors, Corp.,* 450 S.W.2d 827, 828 (Tex. 1970).

To establish its entitlement to recover on the note as a matter of law, New Sunbelt was required to prove: (1) the note in question; (2) that Rea signed the note; (3) that it was the legal owner and holder of the note; and (4) that a certain balance was due on the note. *Clark v. Dedina,* 658 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). New Sunbelt attached to its motion for summary judgment the note signed by Rea. Rea did not deny execution of the note. New Sunbelt also presented evidence that it had acquired the note from the FSLIC, as receiver, pursuant to an acquisition agreement after Old Sunbelt was declared insolvent. Further, New Sunbelt attached the affidavit of David Shelley, New Sunbelt's assistant vice-president commercial loan officer, which states that, as of September 12, 1989, the outstanding principal balance of the note totalled $250,307.73; that accrued but unpaid interest as of September 12, 1989, totalled $93,747.53; and that interest continued to accrue at the rate of $78.86 per day. Thus, New Sunbelt was entitled to recover the unpaid balance of the note as a matter of law unless Rea offered proof on each element of at least one of his affirmative defenses. Although Rea asserted several affirmative defenses in the trial court, the first four points on appeal deal only with trial court's summary judgment on his payment defense.

Payment is an affirmative defense. Rule 95 of the Texas Rules of Civil Procedure provides:

When a defendant shall desire to prove payment, he shall file with his plea an account stating distinctly the nature of such payment, and the several items thereof; failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof.

Tex.R.Civ.P. 95 (Vernon 1979). Payments alleged by the defendant which are not admitted in the plaintiff's petition must be specifically alleged. *Harrison v. Leasing Assoc., Inc.,* 454 S.W.2d 808, 809 (Tex.Civ. App.—Houston [14th Dist.] 1970, no writ). Absence of a proper plea of payment renders evidence as to payment inadmissible. *Twin City Bowling Lanes, Inc. v. C.I.T. Corp.,* 376 S.W.2d 94, 96 (Tex.Civ.App.— Fort Worth 1964, no writ).

In his second amended original answer and counterclaim, Rea asserted, in pertinent part, that New Sunbelt "is precluded from recovering due to payment." Rea did not file an account stating distinctly the nature of payment, and such is not

so plainly and particularly described so as to give New Sunbelt full notice of the character thereof. Rea's plea of payment in general language that does not specify the nature of the alleged payments, if any, or the several items thereof, is a pure conclusion. *Harrison,* 454 S.W.2d at 809. The plea should have specified what credits and offsets Rea relied on in asserting payment. *Harrison,* 454 S.W.2d at 809. Rea's failure to comply with rule 95 bars him from proving credits and offsets not admitted by New Sunbelt. Further, New Sunbelt was not required to specially except or to otherwise object to Rea's defective plea in order to raise noncompliance with rule 95 on appeal. *Harrison,* 454 S.W.2d at 809. Because execution and validity of the note were not in issue, and since the pleadings concerning payment were mere conclusions, we conclude that the trial court did not err in rendering summary judgment in favor of New Sunbelt. *Harrison,* 454 S.W.2d at 809. The first four points are overruled.

## NOT FULLY FUNDED DEFENSE

■ In the fifth point, Rea contends that the trial court erred in granting New Sunbelt's motion for summary judgment because he raised a fact issue as to whether the entire $2.1 million was funded. Specifically, he asserts that he produced evidence that Old Sunbelt actually loaned him only $1.9 million because a down payment of $200,000 was made to the seller of the airplane. To support the contention that the loan was not fully funded, Rea relies on his answers to interrogatories, his deposition testimony, and a wire transfer receipt in the amount of $200,000. None of these documents were part of Old Sunbelt's written records and, thus, an agreement, if any, to loan less than the face value of the note would not be apparent to bank examiners. By contrast, the note signed by Rea, which was a part of bank records, reflects a loan amount of $2.1 million. Rea's counsel conceded in oral argument that *D'Oench* bars Rea from asserting that the loan was not fully funded. We agree. *See Beighley v. FDIC,* 868 F.2d 776, 784 (5th Cir.1989) (agreement not clearly evidenced in failed financial institution's records which would not be apparent to examiners is barred by *D'Oench,* even if borrower did not intend to deceive bank examiners and no fraud was involved). Accordingly, the fifth point is overruled.

Because our disposition of the first five points is dispositive of the appeal, we do not address Rea's sixth point contending that New Sunbelt is not a holder in due course.

The trial court's judgment is affirmed.