CV3-679 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00679-CV







Gary Derrick and Trouba Derrick, Appellants



v.



AmWest Savings Association, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C92-347A, HONORABLE RALPH W. CATON, JUDGE PRESIDING







PER CURIAM



 AmWest Savings Association sued appellants on a $250,000.00 promissory note
originally payable to Heart O'Texas Savings Association (HOT) but subsequently assigned and
transferred to AmWest by the Federal Savings and Loan Insurance Corporation (FSLIC) as
receiver for HOT. Appellants asserted, both as affirmative defenses to collection on the note and
as counterclaims, failure of consideration, violation of the "Bank Tying Act," 12 U.S.C. §§ 1971-78 (1988), and violations of Texas Business and Commerce Code § 27.01. The trial court granted
summary judgment for AmWest. In two points of error, appellants complain of the trial court's
grant of AmWest's motion for summary judgment and of the award of attorney's fees. We will
affirm the trial court's judgment. 


Summary Judgment


 After establishing its prima facie case to collect on the note, AmWest moved for
summary judgment on several grounds, among them, that the D'Oench Duhme doctrine (1) barred
all of appellants' affirmative defenses to collection on the note. (2) The court granted summary
judgment. If no ground is specified, we affirm the summary judgment if any ground relied on by
AmWest in the trial court is valid. See Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex.
1989); Sutherland v. Caballero, 759 S.W.2d 945, 946 (Tex. 1988). We agree that AmWest
established its right to summary judgment on the note and that the D'Oench Duhme doctrine
barred the affirmative defenses that appellants sought to raise.



AmWest's Entitlement to Summary Judgment

 As the movant for summary judgment, AmWest had the burden to establish that
no genuine issue of material fact existed and that it was entitled to summary judgment as a matter
of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548
(Tex. 1985); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). To
establish its entitlement to summary judgment on the note, AmWest was required to establish: 
(1) the note in question; (2) that appellants signed the note; (3) that Amwest is the legal owner
and holder of the note; and (4) that a certain balance was due and owing on the note. Rea v.
Sunbelt Sav., FSB, Dallas, 822 S.W.2d 370, 372 (Tex. App.--Dallas 1992, no writ); Clark v.
Dedina, 658 S.W.2d 293, 295 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd).

 AmWest established the note in question as a matter of law by affidavit in which
Marvin Henkes (3) swore that the photocopy of the note was true and correct. Life Ins. Co. of Va.
v. Gar-Dal, Inc., 570 S.W.2d 378, 380 (Tex. 1978). Appellants did not file a verified pleading
denying execution of the instrument, meaning that the court received the instrument into evidence
as fully proved. Tex. R. Civ. P. 93(7); Cockrell v. Republic Mortgage Ins. Co., 817 S.W.2d
106, 111 (Tex. App.--Dallas 1991, no writ).

 AmWest established that it was the owner and holder of the note by way of affidavit
testimony that it had acquired HOT's assets, including causes of action pertaining to this note and
that the FSLIC, as receiver for HOT, had assigned the note to AmWest. See Rea, 822 S.W.2d
at 372 (affidavit of commercial loan officer of acquiring institution established ownership of note
where evidence was presented that acquiring institution acquired note from FSLIC as receiver for
insolvent institution pursuant to an acquisition agreement after declaration of insolvency). 
AmWest proved the amount of principal and interest owed on the note as of the date of default
and the per diem interest accruing from that date. Thompson v. Chrysler First Business Credit
Corp., 840 S.W.2d 25, 28-29 (Tex. App.--Dallas 1992, no writ).

 Once Amwest established the elements of its prima facie case to recover the
amounts owed on the note, appellants had to establish the existence of a material fact issue on each 
element of an affirmative defense. Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). 
Appellants alleged that: (1) HOT representatives misrepresented the value of the stock which
appellants claim was purchased with part of a $50,000.00 loan (4) which eventually became part of
the $250,000.00 note in question and (2) appellants were induced to borrow the $50,000.00 from
HOT and, as a condition to that loan, required to buy stock in HOT. Based on these allegations,
appellants raised as affirmative defenses that (1) all or a portion of the consideration of the note
failed; (2) that HOT violated the Bank Tying Act (5) by requiring the purchase of the HOT stock
with a portion of the $50,000.00 loan proceeds; and (3) that appellants were entitled to offsets on
the note because of HOT's violation of the Bank Tying Act and of section 27.01 of the Business
and Commerce Code. See Tex. Bus. & Com. Code Ann. § 27.01 (West 1989). They contend
these offsets created a fact issue as to the amount actually owed on the $250,000.00 note.

 Appellees contend that all of appellants' alleged affirmative defenses are barred by
the doctrine enunciated in D'Oench Duhme. We agree.



 D'Oench Duhme

 The D'Oench Duhme doctrine prevents an obligor from asserting as a defense to
a collection suit an unrecorded side agreement that alters the terms of a facially unqualified note. 
315 U.S. at 458-59. D'Oench Duhme is a sweeping rule. Bowen v. Federal Deposit Ins. Corp.,
915 F.2d 1013, 1015 (5th Cir. 1990). The doctrine covers arrangements in which the borrower
was innocent of any intent to deceive banking authorities if the borrower lent himself to an
arrangement likely to do so. Campbell Leasing, Inc. v. Federal Deposit Ins. Corp., 901 F.2d
1244, 1248 (5th Cir. 1990). Merely entering into side agreements during a lending transaction
is "lending oneself to a scheme." Chatham Ventures, Inc. v. Federal Deposit Ins. Corp., 651
F.2d 355, 361-62 (5th Cir. 1981), cert. denied, 456 U.S. 972 (1982). "Representations" as well
as "agreements" per se are covered. Federal Sav. & Loan Ins. Corp. v. Murray, 853 F.2d 1251,
1255 (5th Cir. 1988).

 Appellants contend that D'Oench Duhme does not apply because the notes
themselves were in the files, and the faces of the notes revealed the defense to collection;
specifically, that HOT obtained the $50,000.00 note in violation of the Bank Tying Act because
appellants had to buy stock in HOT as a condition to the loan and the stock later proved to be
worth less than represented. The only documentation in the record concerning the transactions
is the notes themselves. However, the $250,000.00 note, the subject of this collection suit,
contains no reference on its face to the $50,000.00 note; i.e., it does not state that it is a renewal
or extension of a previous loan. The $250,000.00 note does not reflect that it is secured by stock
or is given to purchase stock. The $50,000.00 note refers to a stock purchase and to the bank's
security interest in one thousand shares of stock. Even assuming that the entire proceeds of the
$50,000.00 note were used to purchase the one thousand shares of stock, i.e., that the bank
represented that the shares were worth $50.00 each, the face of the note provides no evidence that
each share was not worth $50.00 at the time of purchase. That a stock later declines in value does
not mean that its value at the time of purchase was misrepresented.

 Appellants rely on First Heights Bank, FSB, v. Gutierrez, 852 S.W.2d 596 (Tex.
App.--Corpus Christi 1993, writ denied). The transaction in Gutierrez involved a wire transfer of
funds from one entity, First Savings Association of Orange, to another entity, Rio Grande Savings
and Loan, and the same-day return transfer of funds to Orange. (6) Id. at 602-03. The court did not
apply D'Oench Duhme to defeat Rio Grande's defense that the loan in question had been paid. 
Id. at 607. The court noted that the jury found that the entire loan transaction was documented
in the loan files. Id. The court stated:



[t]he circular flow of the funds was self-evident in the record; the money Orange
lent to Rio Grande was immediately returned and repaid to it. No outside
agreement was necessary to show this repayment defense; accordingly, D'Oench
does not bar it.


Id. (emphasis added). Appellants do not show any such self-evident relationship between the two
notes or show any impropriety involving the $50,000.00 note discernible from the faces of the
notes themselves.

 In Fair v. NCNB Texas National Bank, 733 F. Supp. 1099, 1105 (N.D. Tex. 1990),
the borrowers pleaded as a defense to collection on a note that the bank defrauded them into
participating in a worthless development loan transaction by using a false appraisal report and
false construction specifications. Because the appraisal and construction specifications were in
the bank's files along with the loan, the borrowers contended that D'Oench did not apply. Id. 
The court, however, held that D'Oench applied because the mere presence of the appraisal and
construction specifications in the files would not, as a matter of law, lead a reasonably prudent
bank examiner to conclude that the bank defrauded the borrower:

 

[T]he mere presence in a loan file of an appraisal and construction specifications
would not lead a reasonably prudent bank examiner to conclude that the bank had
warranted that the project was valued as appraised or constructed in accordance
with the specifications, or that the bank had agreed to bear the risk that the project
did not meet the construction specifications.


Id. at 1105. This case illustrates that the agreement or representation that is relied on as a defense
to collection must itself be clearly evidenced in the bank's files. The mere presence of
documentation other than the notes themselves can still leave secret the agreement relied on as a
defense to collection on the note.

 Unlike Fair, appellants do not contend that there is any documentation other than
the notes themselves in the files. The notes, themselves, however, do not show any agreement
or representation that would serve as a defense to collection on the note. First, the note at issue
in this cause is the $250,000.00 note, which on its face, contains nothing to tie it to the
$50,000.00 note, which was the note allegedly given in return for stock worth less than
represented and illegally tied to a loan transaction. Nothing on the face of the $50,000.00 note,
even assuming a representation that the stock was worth $50.00 a share, shows that representation
was false.

 Appellants' claims are precisely those that D'Oench Duhme was intended to
prevent--an attempted defense to collection on a note based on an unrecorded agreement. 
Appellants present no evidence that the files revealed the purported illegal agreement or
misrepresentation.

 Because AmWest established its right to collect on the note, and appellants'
affirmative defenses are barred, we overrule point of error one.



Attorney's Fees


 Appellants list as point of error two a complaint about the trial court's award of
attorney's fees. Appellants, however, do not restate this point, do not provide any record
references, do not argue the point and do not provide any authority. Accordingly, appellants have
waived this point of error. (7) Superior Packing, Inc. v. Worldwide Leasing & Fin., Inc., 880
S.W.2d 67, 69 (Tex. App.--Houston [14th Dist.] 1994, writ denied); Smith v. Valdez, 764 S.W.2d
26, 27 (Tex. App.--San Antonio 1989, writ denied). We overrule point of error two.

 We affirm the trial court's summary judgment.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: March 8, 1995

Do Not Publish

1. [1] D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 458-59 (1942). The
doctrine enunciated in this case prevents an obligor from asserting as a defense to a collection suit
an oral side agreement that alters the terms of a facially unqualified note.
2. [2] Appellants also raised the same defenses as counterclaims. Our discussion applies to the
counterclaims as well as the affirmative defenses. See Beighley v. Federal Deposit Ins. Corp.,
868 S.W.2d 776, 783-84 (5th Cir. 1989). By showing that D'Oench Duhme bars the claims the
claims as a matter of law as affirmative defenses, AmWest has also discharged its summary
judgment burden to negate at least one element of each counterclaim in order to prevail as a
plaintiff-movant on the counterclaims (i.e., the equivalent of being a defendant-movant on a
claim). For simplicity, we will simply refer to affirmative defenses or defenses.
3. [3] Marvin Henkes, an assistant vice president of AmWest, swore that he was familiar with the
records pertaining to this note.
4. [4] The record shows a $50,000.00 promissory note dated November 16, 1984.
5. [5] The Bank Tying Act prohibits a bank from conditioning the extension of credit on the
customer obtaining from, or providing to, the bank additional credit, goods or services. 12
U.S.C. § 1972 (1988). Appellants' basic argument seems to be that the $50,000.00 note was tied
to the stock purchase and the $250,000.00 note dated December 31, 1987, was a renewal,
extension or in some other way linked to the $50,000.00 note.
6. [6] The overall series of transactions was more complex.
7. [7] We note that AmWest's brief pointed out this problem, which appellants never attempted
to correct.