Affirmed in Part; Reversed and Remanded in Part; and Memorandum Opinion
filed February 07, 2008








Affirmed in Part; Reversed and Remanded in Part; and
Memorandum Opinion filed February 07, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00022-CV

_______________

 

FE DE LA CALZADA, Appellant

 

V.

 

 

AMERICAN FIRST NATIONAL BANK, Appellee

                                                                                                                                               


On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2006B59947

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Appellee,
American First National Bank (AAFNB@), sued appellant, Fe de la Calzada, to recover the principal
and accrued interest on a promissory note.  In its petition, AFNB alleged
Quality Health Services, Inc. (AQuality@) defaulted on a promissory note payable to AFNB, and
Calzada, the president of Quality, is liable to AFNB as guarantor.   

 








AFNB
filed a traditional motion for summary judgment under section 166a(c) of the
Texas Rules of Civil Procedure.  See Tex. R. Civ. P. 166a(c).  The trial
court granted the motion and entered a final judgment for $30,911 plus
pre-judgment interest, post-judgment interest, costs of court, and attorney=s fees.  In three issues, appellant
contends (1) AFNB was not entitled to summary judgment as a matter of law; (2)
AFNB=s loan officer=s affidavit was not competent
evidence; and (3) AFNB did not establish that it was entitled to attorney=s fees as a matter of law.  Because
all dispositive issues are clearly settled in Texas law, we issue this
memorandum opinion and affirm in part and reverse and remand in part.  See Tex.
R. App. P. 47.4. 

I.  Standard of Review

A
plaintiff moving for summary judgment must conclusively prove all essential
elements of its claim.  Cullins v. Foster, 171 S.W.3d 521, 530 (Tex.
App.CHouston [14th Dist.] 2005, pet.
denied) (citing MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986)).  In
a traditional motion for summary judgment, if the movant=s motion and summary judgment
evidence facially establish its right to judgment as a matter of law, the
burden shifts to the nonmovant to raise a genuine issue of material fact
sufficient to defeat summary judgment.  M.D. Anderson Hosp. & Tumor
Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  The nonmovant has no
burden to respond to a summary judgment motion unless the movant conclusively
establishes its right to summary judgment.  See Rhône-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 222 (Tex. 1999).  We review a summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  We take all
evidence favorable to the nonmovant as true and indulge every reasonable
inference and resolve any doubts in favor of the nonmovant.  Id.  

 

 








II. Analysis

Calzada
argues AFNB was not entitled to summary judgment because (1) AFNB failed to
present competent summary judgment evidence regarding the amount owed on the
promissory note, (2) AFNB=s summary judgment evidence was conclusory, (3) a genuine
issue of material fact existed regarding the affirmative defense of payment,
(4) AFNB did not establish the reasonableness of its attorney=s fees as a matter of law, and (5) a
genuine issue of material fact existed regarding the reasonableness of AFNB=s attorney=s fees.  

A.        Summary
Judgment Proof Regarding Amount Owed

In
support of its motion, AFNB presented the affidavit of its loan officer, Irene
P. Cheng.  Cheng averred that AFNB demanded the principal balance of $29,916.88
and accrued interest as of March 15, 2006 of $994.89 which were past due, and
Calzada failed to timely remit.

In her
response, Calzada contended (1) Cheng is an interested witness, and therefore
her affidavit is not competent summary judgment evidence, and (2) Cheng=s averments regarding the amount owed
were conclusory.

1.         Interested
Witness








Under
the Texas Rules of Civil Procedure, a court may grant a motion for summary
judgment based on uncontroverted testimonial evidence of an interested witness
if that evidence is clear, positive and direct, otherwise credible and free
from contradictions and inconsistencies, and could have been readily
controverted.  See Tex. R. Civ. P. 166a(c).  The phrase, Acould have been readily controverted@ does not simply mean that the movant=s summary judgment proof could have
been easily and conveniently rebutted.  Casso v. Brand, 776 S.W.2d 551,
558 (Tex. 1989).  Rather, the Areadily controverted@ requirement means the testimony at
issue is of a nature which can be effectively countered by opposing evidence.  Id. 
If credibility of the affiant is likely to be dispositive, then summary
judgment is inappropriate.  Id.  However, if the nonmovant, in all
likelihood, could present independent sufficient evidence to prevail, then
summary judgment is proper in the absence of such controverting proof.  Id. 
Accordingly, affidavits by interested witnesses regarding what they knew or
intended are excluded under the Areadily controvertible@ requirement because an opponent
would have no means of confirming or denying an individual=s thought process and intent.  See
Lewisville State Bank v. Blanton, 525 S.W.2d 696, 696 (Tex. 1975); Hayes
v. E.T.S. Enters., Inc., 809 S.W.2d 652, 657 (Tex. App.CAmarillo 1991, no writ).  However,
when an affidavit consists entirely of controvertible facts, it is competent
despite the fact that the affiant is an interested witness.  See Great Am.
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47
(Tex. 1965); Stucki v. Noble, 963 S.W.2d 776, 780-81 (Tex. App.CSan Antonio 1998, no pet.).

In this
case, Cheng=s affidavit consisted solely of averments that are readily
controvertible.  After preliminarily describing her position and accordant
responsibilities, Cheng stated:

Quality defaulted on the Note and filed for bankruptcy
under chapter 7.  The principal balance of $29,916.88 plus accrued interest is
past due.  Accrued interest as of March 15, 2006 was $994.89.  Despite written
demand for payment, Fe de la Calzada has failed to pay the amounts due under
the Note as required by the guaranty agreement.     

Calzada could have easily
rebutted this evidence, and Cheng=s credibility was unlikely to be
dispositive.  Consequently, we conclude Cheng=s affidavit constituted competent
summary judgment evidence.

2.         Conclusory
Statements








A
conclusory statement is one that does not provide the underlying facts to
support the conclusion.  Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex.
App.CHouston [1st Dist.] 1997, no writ). 
Conclusory statements in an affidavit are insufficient to support or defeat
summary judgment.  Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex.
1997).  However, courts do not usually require the promisee to file detailed
proof reflecting calculations of the balance due on a note to support a motion
for summary judgment.  See Stucki, 963 S.W.2d at 781.  Generally,
an affidavit based upon personal knowledge is considered sufficient if the
affiant identifies an attached copy of the note as being true and correct and
verifies the amount of principal and interest owed on the date of default.  See
id.; see also 8920 Corp. v. Alief Alamo Bank, 722 S.W.2d 718, 719
(Tex. App.CHouston [14th Dist.] 1986, writ ref=d n.r.e.) (holding bank=s summary judgment evidence was
legally sufficient proof of damages where bank presented affidavit of the bank=s executive vice president stating
the deficiency amount plus interest).

In this
case, Cheng identified herself as AFNB=s loan officer and explained that she
was charged with collection of the note.  Accordingly, Cheng=s averments regarding the amounts due
under the note were factual statements within her knowledge and were not
conclusory.  See Stucki, 963 S.W.2d at 781.  Consequently, AFNB
presented legally sufficient proof of damages.

B.        Affirmative
Defense of Payment 

Calzada
contends AFNB was not entitled to summary judgment because she raised a genuine
issue of material fact regarding the affirmative defense of payment.  If the
nonmovant wishes to assert an affirmative defense to defeat a motion for
summary judgment, it must urge the defense in its response and provide
sufficient summary judgment proof to create a fact issue on each element of the
defense.  Jones v. Tex. Pac. Indem. Co., 853 S.W.2d 791, 795 (Tex. App.CDallas 1993, no writ). 

 In
response to AFNB=s motion for summary judgment, Calzada averred that she did
not owe AFNB the amount claimed. In the pertinent part of her affidavit,
Calzada stated:








I do not owe [AFNB] the amount of $29,916.88 plus
interest in the amount of $994.89 that [AFNB] claims I owe.

[AFNB] obtained
satisfaction of the loan by way of the assets and monies made available through
the corporation=s bankruptcy.  [AFNB] obtained relief from the automatic stay
in order to access these assets.

Calzada=s statement is insufficient to raise
a fact issue regarding the defense of payment.  The affirmative defense of
payment must be pleaded.  Twin City Bowling Lanes, Inc. v. C.I.T. Corp.,
376 S.W.2d 94, 96 (Tex. Civ. App.CFort Worth 1964, no writ). Payments
alleged by the defendant which are not admitted in the plaintiff=s petition must be specifically
alleged.  Harrison v. Leasing Assocs., Inc., 454 S.W.2d 808, 809 (Tex.
Civ. App.CHouston [14th Dist.] 1970, no writ).  Rule 95 of the Texas Rules of Civil
Procedure prescribes a specific standard regarding a plea of payment:

When a defendant shall desire to prove payment, he
shall file with his plea an account stating distinctly the nature of such
payment, and the several items thereof; failing to do so, he shall not be
allowed to prove the same, unless it be so plainly and particularly described
in the plea as to give the plaintiff full notice of the character thereof.








Tex. R. Civ. P. 95. 
Absence of a proper plea of payment renders evidence regarding an alleged
payment inadmissible.  Rea v. Sunbelt Savs., FSB Dallas, 822 S.W.2d 370,
372 (Tex. App.CDallas 1991, no writ).  This pleading requirement applies equally to
direct payors asserting a defense of payment and to guarantors and sureties of
underlying debts.  See Beaver v. Daniel, 259 S.W.2d 345, 347 (Tex. Civ.
App.CAustin 1953, no writ) (holding that
where sureties did not affirmatively plead payment as a defense to suit on
indemnity bond, testimony that judgment against principals had been paid was
inadmissible).  Texas courts require compliance with Rule 95 in trial and
summary judgment proceedings.  See Advantage Group INV., Inc. v. Pac.
SW. Bank, 972 S.W.2d 866, 869 (Tex. App.CCorpus Christi 1998, pet. denied);
Rea, 822 S.W.2d at 372; Harrison, 454 S.W.2d at 809; Obasi v.
Univ. of Okla. Health Sci. Ctr., No. 04-04-00016-CV, 2004 WL 2418009, at *2B3 (Tex. App.CSan Antonio October 27, 2004, pet.
denied) (mem. op.).

Calzada
did not file a proper plea regarding the defense of payment.  Specifically, she
did not file with her plea an account stating distinctly the nature of such
payments.  See Tex. R. Civ. P. 95.  Further, she did not so plainly and
particularly describe the payment as to give AFNB  sufficient notice of the
character thereof.  See id.  Consequently, evidence regarding any
alleged payment is inadmissible.  See Rea, 822 S.W.2d at 372.  Calzada
bore the burden to produce competent summary judgment proof sufficient to raise
a fact question regarding whether payments had been credited to the note.  See
Stucki, 963 S.W.2d at 781 (citing Life Ins. Co. of Va. v. Far-Dal, Inc.,
570 S.W.2d 378, 381 (Tex. 1978)).  Accordingly, Calzada failed to raise a
genuine issue of material fact on her payment defense sufficient to defeat
summary judgment.            

C.        Attorney=s Fees

In her
final issue, Calzada contends AFNB failed to establish entitlement to attorney=s fees as a matter of law. 
Specifically, Calzada seems to argue that (1) AFNB failed to establish its
right to judgment as a matter of law; and (2) AFNB failed to prove the
reasonableness and necessity of the fees.  We agree.

In
support of its request for attorney=s fees, AFNB presented the affidavit
of its attorney, T. Michael Neville.  Neville established that he is an
experienced civil litigation attorney and is familiar with the reasonable and
necessary fees for cases tried in Harris County, Texas.  In pertinent part,
Neville stated: 








[a]ll attorney time on this file has been charged at
an hourly rate of $230.00 per hour . . . AFNB=s retention of my firm has required the review of loan documents,
drafting of a demand letter, filing of a motion to lift stay in bankruptcy
court for the corporate obligor, preparation of a notice of disposition of
collateral, preparation of a petition, monitoring of service, preparation of a
motion for summary judgment and attachments, preparation of a judgment,
communication with the client, and anticipated attendance at the default
judgment hearing.

By the time of a ruling
on this motion for summary judgment, this law firm will have incurred
approximately fifteen (15) hours in attorney time . . . [f]urther, it is
anticipated that a minimum of an additional thirty (30) hours of attorney time
. . . in the event of an appeal to the Court of Appeals, and a minimum of an
additional twenty (20) hours of attorney time . . . in the event of a petition
for review to the Texas Supreme Court.

A party may recover reasonable
attorney=s fees if it prevails on a claim for
breach of a written contract.  See Tex. Civ. Prac. & Rem. Code Ann. ' 38.001 (Vernon 1997).  The Texas
Supreme Court has set forth eight factors for determining the reasonableness
and necessity for attorney fees: (1) the time and labor involved, the novelty
and difficulty of the questions involved, and the skill required to perform the
legal services properly; (2) the likelihood that the acceptance of the
particular employment will preclude other employment by the lawyer; (3) the fee
customarily charged in the locality for similar legal services; (4) the amount
involved and the results obtained; (5) the time limitations imposed by the
client or the circumstances; (6) the nature and length of the professional
relationship with the client; (7) the experience, reputation, and ability of
the lawyer or lawyers performing the services; and (8) whether the fee is fixed
or contingent on results obtained or uncertainty of collection before the legal
services have been rendered.  Arthur Andersen & Co. v. Perry Equip.
Corp., 945 S.W.2d 812, 818 (Tex. 1997).  The trial court is not required to
hear evidence on each of these factors.  See Lamajak, Inc. v. Frazin,
230 S.W.3d 786, 797 (Tex. App.CDallas 2007, no pet. h.).  An attorney=s uncontroverted statements regarding
the reasonableness of a legal fee may support summary judgment.  See Tex.
R. Civ. P. 166a(c) (AA summary judgment may be based on uncontroverted testimonial
evidence of . . . an expert witness as to subject matter concerning which the
trier of fact must be guided solely by the opinion testimony of experts.@).








Neville
established that he is familiar with the usual and customary charges for the
relevant legal services and that AFNB=s attorney=s fees were reasonable and
necessary.  In his affidavit, he stated that he is an experienced civil litigation
attorney.  He described the time required for services that he, and members of
his firm, performed for AFNB.  This evidence was sufficient to support a
summary judgment award of attorney=s fees and shifted the burden to
Calzada to raise a genuine issue of material fact.  See M.D. Anderson Hosp.
& Tumor Inst., 28 S.W.3d at 23. 

 In
response, Calzada=s attorney, Joseph Onwuteaka, filed an affidavit contesting
the reasonableness of AFNB=s attorney=s fees.  Onwuteaka established he is an experienced civil
litigation attorney and is familiar with the reasonableness and necessity of
fees for lawsuits tried in Harris County, Texas. Onwuteaka contested the
reasonableness and necessity of the attorney=s fees claimed by AFNB.  He
specifically noted that Neville included in his affidavit  fees pertaining to
motions and hearings regarding a default judgment.  Onwuteaka averred that
there had been no motions or hearings for default judgment in this case. 
Although the record indicates AFNB filed a motion for default judgment before
Calzada filed her original answer, there is no indication that the trial court
ever set or held a default judgment hearing.  Consequently, we conclude Calzada
raised a genuine issue of material fact regarding reasonableness of attorney=s fees.[1] 
We sustain her third issue.








Accordingly,
the portion of the trial court=s judgment that pertained to Calzada=s liability on the note is affirmed. 
The trial court=s award of attorney=s fees is reversed, and we remand for
further proceedings consistent with this opinion.                   

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed February 07, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.









[1]  AFNB contends Calzada failed to properly raise a
fact issue regarding the reasonableness of attorney=s fees.  In his original attorney=s fees affidavit, Neville referred to time spent
preparing a motion for default judgment and for the anticipated attendance at a
default judgment hearing.  Calzada filed Onwuteaka=s affidavit in response to Neville=s original affidavit.  The trial court granted AFNB
leave to file a corrected attorney=s
fees affidavit.  In his corrected affidavit, Neville stated that AFNB=s suit required time for preparation of a motion for summary
judgment and for the anticipated attendance at a default judgment
hearing.  AFNB argues that, because Calzada did not respond to its corrected
affidavit, Calzada has waived any complaint regarding the reasonableness of
attorney=s fees pertaining to preparation for a default
judgment hearing.  However, in Calzada=s
summary judgment response, Onwuteaka controverted fees pertaining to a default
judgment hearing and AFNB=s corrected affidavit still referenced fees pertaining
to anticipated attendance at a default judgment hearing.  According, we
conclude Calzada=s response was sufficient to raise a genuine issue of
material fact regarding the reasonableness of attorney=s fees.