# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00478-CV

**Michael Vasquez d/b/a Sterling Construction, Appellant**

**v.**

**J. S. Davis Limited Family Partnership and Loretta Harrison, Appellees**

**FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY**
**NO. C-1-CV-06-006056, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This case arises from a joint venture for the renovation of a home owned by appellee Loretta Harrison. Appellant Michael Vasquez d/b/a Sterling Construction was to perform the renovation, and the J. S. Davis Family Limited Partnership was to supply the funding for the project.[1] The joint venture, formed in January 2006, was memorialized in three written instruments: (1) a promissory note executed by Vasquez/Sterling Construction in favor of the J. S. Davis Family Limited Partnership in the amount of $16,430 due and payable "upon the closing and funding of the sale of the property"; (2) a six-month residential lease of the property executed by Vasquez and Harrison, with an exclusive option to purchase the property in favor of Vasquez that expired at the end of the six-month lease term; and (3) a real estate joint venture agreement between the J. S. Davis

---

[1] Loretta Harrison's brother, James Davis, owns a controlling interest in J. S. Davis, LLC, the general partner of the J. S. Davis Family Limited Partnership.

Family Limited Partnership as "Investor" and Vasquez/Sterling Construction as "Manager," providing that an "investment amount" of $16,430 was to be used for the property's repair, remodeling, marketing, and sale, or for Vasquez's lease and purchase of the property, and that upon the closing of the sale of the property, the J. S. Davis Family Limited Partnership was to be "repaid" out of the "Seller's Net Proceeds." The joint venture agreement also provided that the venture's primary purposes were "to maximize profitability in the purchase and sale of the property" and "to prepare and sell the property without undue delay."

Prior to the expiration of the six-month lease, Vasquez ceased making lease payments and ceased working on the renovation. He did not exercise his option to purchase the property, and the option expired. After Vasquez ceased work on the renovation, Harrison spent $9,482.18 on repairs and sold the house to a third party in August 2006. The parties stipulate that the net proceeds of the sale were $27,649.76.

In September 2006, Harrison and the J. S. Davis Family Limited Partnership sued Vasquez in county court at law for $3,374.42 in unpaid lease payments, $9,482.18 in damages incurred to finish the renovation of the property, and $16,430 plus interest due for breach of the promissory note. Vasquez answered with a general denial. In November 2006, Harrison purchased the Vasquez/Sterling Construction promissory note from the J. S. Davis Family Limited Partnership. Following a May 2007 bench trial, the trial court awarded Harrison the unpaid lease payments and the amounts due under the note, plus attorneys' fees, costs, and post-judgment interest. Vasquez appeals the county court's judgment.

In his first point of error, Vasquez asserts that the three instruments are simply three pieces of a single agreement and that the trial court erred by refusing to construe the agreements as a whole. Specifically, Vasquez complains that the trial court refused to consider the terms of the joint venture agreement in finding that the promissory note had been breached. However, we are unable to conclude, as Vasquez urges, that the trial court did not consider the terms of the joint venture agreement in making its findings with respect to the promissory note. Both the joint venture agreement and the promissory note were admitted into evidence. Vasquez did not request findings of fact and conclusions of law from the trial court. Therefore, we are unable to determine what weight the trial court gave to the various items of evidence or whether the trial court construed the various agreements together or separately.[2] Although the judgment might be interpreted in a manner that would suggest that the trial court gave the terms of the joint venture agreement little consideration in determining whether there had been a breach of the promissory note, this is not at all certain or established on this record. Without findings of fact, conclusions of law, or something more explicit in this record, we are unable to decipher what the trial court ultimately concluded with

---

[2] Vasquez points to commentary by the trial court during closing argument to support his argument that the trial court did not consider the terms of the joint venture agreement when deciding whether there had been a breach of the promissory note. During closing argument, the trial court stated at one point, "nothing in this note requires me to look at these other two pieces of paper and tie them together." However, this isolated comment was only one among many that when taken together indicate that the trial court had not yet resolved the issue or declared its final conclusion on the issue: "I have this problem because I'm trying to figure it out. . . . That's my difficulty, do you disagree with that argument or that concern?" We must take care not to look to a court's oral comments from the bench made prior to the court's findings as a substitute for findings of fact and conclusions of law. *See In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984).

respect to the construction of the various agreements. Consequently, we cannot conclude there is reversible error on this basis. We overrule Vasquez's first point of error.

In his second point of error, Vasquez argues that the trial court improperly excluded testimony regarding the parties' intent with respect to the terms of the promissory note and joint venture agreement. Vasquez's trial counsel made several attempts to elicit testimony from Vasquez and James Davis (who owns a controlling interest in the general partner of the J. S. Davis Family Limited Partnership) as to the parties' intent or "understanding" of when the promissory note was to become payable. A party's "understanding" of a written agreement, if it would vary or contradict the agreement's terms, is inadmissible absent an ambiguity in the agreement. *Silsbee Hosp., Inc. v. George*, 163 S.W.3d 284, 293 (Tex. App.—Beaumont 2005, pet. denied); *see Matagorda County Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 740 (Tex. 2006) ("In the usual case, the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls." (quoting *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968))). We read the promissory note and joint venture agreement together. *See McGoodwin v. McGoodwin*, 181 S.W.3d 870, 874 (Tex. App.—Dallas 2006, pet. denied) ("When two or more instruments executed contemporaneously or at different times pertain to the same transaction, the instruments, including promissory notes, will be read together even if they do not expressly refer to each other."). Reading the instruments together, we agree with the implied finding by the trial court that the agreements are not ambiguous with respect to when the promissory note was to become due and payable. The promissory note became due and payable upon "the closing and funding of the sale of the property." This was the maturity date of the promissory note regardless of whether Vasquez

4

was the buyer of the house. There was no need to admit evidence of either party's subjective understanding of this unambiguous provision. We overrule Vasquez's second point of error.

In his third and fourth points of error, Vasquez challenges the legal and factual sufficiency of the evidence to support the judgment. In reviewing legal sufficiency, we view the evidence in the light favorable to the court's finding and will overrule the challenge as long as the evidence offered to support the finding is more than a mere scintilla. *See Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005). In reviewing factual sufficiency, we consider and weigh all the evidence in the record and will reverse the challenged finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). Vasquez asserts that the evidence is legally and factually insufficient to show that he breached the promissory note or that Harrison sustained any damages as a result of a breach. However, contrary to these assertions, the promissory note was admitted into evidence, its terms reflect that it was mature, and Davis testified that it was due and payable and remained unsatisfied. The evidence is legally sufficient to support the trial court's judgment.

Vasquez makes three arguments to support his factual insufficiency points. First, Vasquez points to the joint venture agreement's provision that requires the "investment amount" to be repaid from the "Seller's Net Proceeds" of the sale of the property. However, this provision is only helpful to Vasquez to the extent his position is that the loan memorialized in the promissory note has, in fact, been paid. Payment is an affirmative defense. Tex. R. Civ. P. 94. To prevail on a plea of payment, Vasquez had to have included this defense in his pleadings. *See Rea v. Sunbelt Sav., FSB*, 822 S.W.2d 370, 372 (Tex. App.—Dallas 1991, no writ) ("Absence of a proper plea of

5

payment renders evidence as to payment inadmissible."). He did not do so. *See First Nat'l Bank v. Whirlpool Corp.*, 517 S.W2d 262, 269 (Tex. 1974) (defense of payment "may not be shown under a general denial"). Without pleadings to support the defense, he cannot argue that the promissory note is paid by recasting this argument as a factual sufficiency challenge.

Second, Vasquez points to Davis's inability or unwillingness during his testimony to define the term "sale"—the trigger under the promissory note's terms for Vasquez's obligation to pay the note—as evidence that the promissory note had not been breached. Regardless of Davis's equivocation as to the meaning of the term "sale," however, the writing is not ambiguous on this point. The promissory note states that all principal and accrued interest become payable "upon the closing and funding of the sale of the property," followed by the street address of the property owned by Harrison and which was the subject of the joint venture. Both Davis and Harrison testified that this property had been sold, and Vasquez introduced into evidence the "Settlement Statement" from the August 2006 sale. Pursuant to the unambiguous terms of the promissory note, that sale triggered Vasquez's obligation to repay the promissory note.

Third, Vasquez cites opposing counsel's statement in closing argument that "[w]e don't dispute the fact that out of the proceeds of the [sale] of the house, the money was actually secured to pay us," as an admission that the promissory note had not been breached or that there were no damages from any breach. However, counsel's statements that immediately followed indicate that he was not admitting no breach or no damages: "I won't say pay off the note that's not what happened. But as to an equitable matter to put us in a decent position, we don't dispute that." Viewing the statement in context, Harrison's counsel was suggesting that his client had received

6

sufficient proceeds from the sale of the property to have mitigated her damages at least to an extent. The statement regarding the proceeds of the sale of the property by counsel during argument was not an admission that would necessarily bar recovery on the promissory note. *See Price Pfister, Inc. v. Moore & Kimmey, Inc.*, 48 S.W.3d 341, 349 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (to be a judicial admission, attorney's statement in closing argument must be "a clear, deliberate, and unequivocal statement"). We overrule Vasquez's third and fourth points of error.

Having overruled each of Vasquez's points of error, we affirm the judgment of the county court.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   May 16, 2008