**J. Wes STUCKI, Appellant,**

v.

**Charles H. NOBLE, Jr., Appellee.**

**No. 04–97–00161–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 28, 1998.

Rehearing Overruled Feb. 24, 1998.

---

1. Tex.R.Civ.P. 296.

Michael P. Kelly, The Law Office of Michael P. Kelly, Dallas, for Appellant.

Bennett L. Stahl, Jonathan David Pauerstein, Arter & Hadden, San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

Appellant, J. Wes Stucki, appeals the granting of summary judgment in favor of appellee, Charles H. Noble, Jr. Noble sued Stucki to recover amounts due under a commercial lease and a promissory note. In eleven points of error, Stucki contends that the trial court erred in granting Noble's motion for summary judgment because Noble failed to prove his entitlement to summary judgment as a matter of law and because Noble's summary judgment proof was inadequate. We affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

In May of 1988, Charles H. Noble, Jr. entered into a lease agreement with United Chiropractic Clinic Broadway, Inc., whereby he, as landlord, leased commercial shopping center space to the clinic, as tenant, in exchange for monthly rental payments. J. Wes Stucki, an owner of United Chiropractic, contemporaneously executed a lease guaranty agreement guaranteeing the clinic's obligations under the lease. In October of 1989, the clinic defaulted on its rental payment and failed to make any subsequent payments. Noble demanded payment from Stucki based upon his guarantee of the lease.

Noble and Stucki entered into a settlement agreement whereby Noble agreed to accept $27,024.00 from Stucki in settlement of the clinic's liability under the lease. Noble and Stucki executed a promissory note in the principle amount of $27,024.00. The note was payable in monthly installments of $2,252.00, effective October 1, 1989. The settlement agreement provided that, in the event of a default in payment of the promissory note, Noble could resort to all rights and remedies provided by the lease in addition to pursuing his rights and remedies under the note.

After making several payments, Stucki defaulted on the note. Noble sued Stucki for recovery of all sums due under both the lease and the promissory note. Stucki answered, alleging affirmative defenses of accord and satisfaction, estoppel, release, statute of limitations, failure to mitigate damages, waiver, and offset. Noble moved for summary judgment and attached the lease, the settlement agreement, the promissory note, the new lease he entered into with a third party following the clinic's default, his own affidavit, and the affidavit of his attorney as summary judgment proof. In his affidavit, Noble established all of the facts leading up to the default. He also testified as to the amounts due under the promissory note and the lease after crediting payments made and rent received from the new tenant.

Stucki responded by alleging that Noble had failed to establish that he was entitled to

judgment as a matter of law because he did not conclusively establish the sums due under the lease and the note. Stucki further argued that he was entitled to the affirmative defenses he had pled. He supported his entitlement to a $15,764.00 offset with copies of checks payable to Noble which Stucki's attorney, via affidavit, verified as true and correct copies. The trial court granted summary judgment in favor of Noble in the amount of $109,752.72.

## ARGUMENT AND AUTHORITY

### A. Standard of Review

In order to prevail on a motion for summary judgment, the movant must either prove that no genuine issue of material fact exists, affirmatively disprove at least one element of the plaintiff's cause of action, or prove an affirmative defense as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 127 (Tex.App.—Houston [14th Dist.] 1994, no writ). In any case, the movant bears the burden of proving that he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). On review, the appellate court must take as true all evidence favoring the non-movant and indulge every reasonable inference in his favor. *Park Place Hosp. v. Milo*, 909 S.W.2d 508, 510 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984).

### B. Special Exceptions

In his first point of error, Stucki contends that the trial court erred in denying his special exceptions to Noble's motion for summary judgment. Stucki contends that Noble failed to adequately identify his summary judgment proof by simply stating, in his motion for summary judgment, that the motion was supported by "affidavits and other exhibits attached hereto, as well as all pleadings and other papers timely filed of record as of the date of the hearing." We disagree.

■ The general language Stucki complains of is contained in the conclusion of Noble's motion. The text of Noble's motion clearly sets out, identifies, and describes each of the seven exhibits attached to the motion.

Further, the self-authenticating affidavits of Noble and his attorney, properly authenticate the remaining five exhibits. Noble's motion for summary judgment is clearly supported by adequately identified and authenticated proof. Accordingly, the trial court did not err in denying Stucki's special exceptions to Noble's motion. Stucki's first point of error is overruled.

### C. Relief Sought

In his third point of error, Stucki contends that Noble's pleadings do not support his motion for summary judgment. Specifically, Stucki complains of the fact that, in his petition, Noble sought relief both for default on the promissory note and for breach of the lease; however, in his motion for summary judgment, Noble requests relief under the lease, or, in the alternative, relief under the note.

■ A plaintiff is permitted to request relief for as many causes of action as he asserts in his petition. In this case, however, Noble is only entitled to damages for one of his causes of action because the amount due on the note includes the amount due under the lease. If he recovered under both causes of action, he would receive a double recovery. Accordingly, Noble properly elected his remedy in his motion for summary judgment. Stucki's contention that Noble's motion is not supported by the pleadings is wholly without merit. Stucki's third point of error is overruled.

### D. Proof of Amount Due

In his second point of error, Stucki contends, generally, that the trial court erred in granting Noble's motion for summary judgment. In his fourth and fifth points of error, he specifically states that Noble was not entitled to summary judgment because a fact issue remains regarding the sum due under the note. In his sixth and seventh points of error, he contends that the trial court erred in granting Noble's motion for summary judgment because Noble failed to mitigate his damages and because fact issues remain regarding mitigation of damages and offset. And finally, in his eighth through eleventh

points of error, he contends that Noble's affidavit is insufficient proof of the amount due.

### 1. Sufficiency of Noble's Affidavit

Stucki argues that Noble's affidavit is insufficient to support his motion for summary judgment (1) because it does not establish his personal knowledge of the matters identified in the affidavit, (2) because Noble purports to be an expert in real estate appraisal, but was not identified as an expert in answers to interrogatories, and (3) because Noble is an interested witness and, therefore, the affidavit cannot be easily controverted.

■ As to Stucki's allegations involving Noble's failure to identify himself as an expert in answers to interrogatories, there is no requirement that an expert be designated in a summary judgment proceeding. *See State v. Roberts,* 882 S.W.2d 512, 512–14 (Tex.App.—Austin 1994, no writ); *Gandara v. Novasad,* 752 S.W.2d 740, 742 (Tex.App.—Corpus Christi 1988, no writ). Further, the only issue regarding which Noble testified as an expert was whether the rental fee paid by Noble's subsequent tenant is within the fair market value of a similar lease. Such testimony does not change the computation of damages in this case. Accordingly, the effect of the affidavit would have been similar whether Noble testified as an expert or not. Stucki's tenth point of error is overruled.

■ We next address Stucki's contention that Noble did not demonstrate personal knowledge of the matters discussed in his affidavit. Texas Rule of Civil Procedure 166a(f) provides that affidavits in support of motions for summary judgment must be made on personal knowledge. TEX.R. CIV. P. 166a(f). In other words, the affidavit must demonstrate affirmatively the manner in which the affiant became personally familiar with the facts at issue. The personal knowledge requirement is satisfied if the affidavit sufficiently describes the relationship between the affiant and the case so that it may be reasonably assumed that the affiant has personal knowledge of the facts stated in the affidavit. *Waite v. BancTexas—Houston, N.A.,* 792 S.W.2d 538, 540 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Marek v. To-*

*moco Equip. Co.,* 738 S.W.2d 710, 714 (Tex. App.—Houston [14th Dist.] 1987, no writ). In the present case, in addition to generally stating that the facts set forth in his affidavit were within his personal knowledge, Noble identified himself as a party to the suit, the owner and landlord of the property subject to the lease at issue, a party to the settlement agreement at issue, and the holder of the promissory note at issue. Noble's recital clearly resolves any questions regarding how he obtained knowledge of the matters contained in his affidavit. Accordingly, the rule 166a(f) personal knowledge requirement was satisfied. Stucki's eighth and ninth points of error are overruled.

■ Finally, we address whether Noble's affidavit was easily controvertible. The entirety of Stucki's argument under this point of error is that, "the affidavit of [Noble] is that of an interested witness and cannot be easily controverted; and is not clear, positive, direct, credible, or free from contradiction." Texas Rule of Civil Procedure 166a(c) provides that a summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. TEX.R. CIV. P. 166a(c). Whether the testimony of an interested witness satisfies this rule is decided on a case-by-case basis. *Hayes v. E.T.S. Enter., Inc.,* 809 S.W.2d 652, 657 (Tex.App.—Amarillo 1991, writ denied); TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 6.03[9][a] (2nd ed.1996).

■ In order to be readily controvertible, an interested witness's affidavit must be of such a nature that it can be effectively countered by opposing evidence. *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989). The readily controvertible requirement usually excludes affidavits consisting of statements by interested witnesses regarding what they knew or intended because an opponent would have no means of confirming or denying the workings of an individual's mind. *See Hayes,* 809 S.W.2d at 657. In the present case, however, Noble's affidavit consists en-

tirely of controvertible facts. Noble describes the facts leading to the executions of the lease, the settlement agreement, and the promissory note. All of these documents are attached to Noble's affidavit. Noble establishes the amounts due under the lease and the note in detail, discussing the applicable obligations, credits, expenses, and interest rates. All of this evidence could have been easily countered by opposing evidence. Stucki's eleventh point of error is overruled.

### 2. Mitigation of Damages and Offset

In his sixth and seventh points of error, Stucki contends that the trial court erred in granting Noble's motion for summary judgment because Noble failed to mitigate his damages and because fact issues remain regarding mitigation of damages and offset. Stucki has mistaken his burden of proof in this type of proceeding.

■ With respect to Stucki's mitigation of damages claim, he contends in his brief and in his response to Noble's motion for summary judgment that Noble failed to mitigate his damages after the clinic defaulted on its lease. First, a landlord's duty to mitigate his damages arises only when the landlord and the tenant have not contracted otherwise. *Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.,* 948 S.W.2d 293, 299 (Tex.1997). The lease at issue here specifically provides that the landlord has no obligation to "relet or attempt to relet the premises" in the event of the tenant's default. Accordingly, Noble had no duty to mitigate his damages in this case.

■ Even if Noble had a duty to mitigate, the burden of proving failure to mitigate is on the defendant, who must also show the amount by which the plaintiff's damages were increased by the failure to mitigate. *Austin Hill Country Realty,* 948 S.W.2d at 299.; *see Texas Dep't of Human Serv. v. Green,* 855 S.W.2d 136, 151 (Tex.App.—Austin 1993, writ denied). Stucki offers nothing but bare allegations regarding how Noble's summary judgment evidence failed to prove he had mitigated his damages. Stucki offered no proof of failure to mitigate, nor did he offer any evidence of how much Noble's damages increased by such failure. In fact,

in Stucki's deposition, attached to his response to Noble's motion for summary judgment, he testified that Noble did not "sit" on the leased premises very long, but that he "leased it right back." Under these circumstances, Stucki failed to meet the burden of proof on his affirmative defense of failure to mitigate. *See Regency Advantage Ltd. Partnership v. Bingo Idea–Watauga, Inc.,* 928 S.W.2d 56, 62 (Tex.App.—Fort Worth 1995), *rev'd on other grounds,* 936 S.W.2d 275 (Tex. 1996). Stucki's sixth point of error is overruled.

■ Similarly, Stucki has failed to meet his burden of proof on his offset claim. Stucki contends that he is entitled to an offset in the amount of $15,764.00 for payments made under the note. In arguing for this offset, he alleges that Noble "has not presented any credible evidence to establish that [Stucki] is not entitled to an offset." However, it is not Noble's burden to present evidence that Stucki is not entitled to an offset. It is well settled that payment, credit, or offset is an affirmative defense, and, as such, the burden was upon Stucki to produce competent summary judgment proof sufficient to raise a fact question regarding whether offsets or payments had been credited to the note. *See Life Ins. Co. of Virginia v. Gar–Dal, Inc.,* 570 S.W.2d 378, 381 (Tex. 1978). "Competent summary judgment proof must consist of more than conclusory allegations of failure to apply offsets, payments, or credits." *Keenan v. Gibraltar Sav. Ass'n,* 754 S.W.2d 392, 394 (Tex.App.—Houston [14th Dist.] 1988, no writ).

■ The only evidence Stucki attached to his response to Noble's motion for summary judgment in regard to his claim of offset were photocopies of twelve checks totaling $15,764.00. The checks appear to be payable to Noble and signed by Stucki. Stucki also attached to his response the affidavit of his attorney which stated, that the "copies of checks" are "true and correct copies." The affidavit does not establish how the attorney obtained personal knowledge of the veracity of the checks. There is no indication that the checks have been endorsed, canceled, or otherwise negotiated, there is no allegation

that the checks were made in satisfaction of the note at issue, and there is no testimony by Stucki regarding the checks at all. The Texas Supreme Court addressed this issue when it found that an attorney's affidavit attempting to authenticate copies of checks signed by his client was insufficient to support summary judgment. *See Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958). The *Tobin* court held that the checks were not properly authenticated because "the statement of the attorney, if given on the witness stand, would not be competent ... to establish that [the client] had signed the checks or for what purpose they were executed." *Id.* Accordingly, because the checks attached to Stucki's response to Noble's motion for summary judgment are not properly authenticated, they do not constitute competent summary judgment evidence of Stucki's right to an offset. Stucki's seventh point of error is overruled.

### 3. Sufficiency of Evidence of Sum Due Under the Note

■ Summary judgment is appropriate in a suit seeking recovery on a promissory note when the plaintiff establishes (1) the existence of the note in question; (2) that the defendant executed the note; (3) that the plaintiff is the legal holder of the note; and (4) a certain balance due and owning on the note. *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). In this case, Stucki does not contest the fact that Noble has established the first three elements of his cause of action. However, he does contend that a fact issue remains regarding the sum due under the note.

Courts do not usually require the promisee to file detailed proof reflecting the calculations of the balance due on the note in order to support a motion for summary judgment. TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 9.06[2][e] (2nd ed.1996). Generally, an affidavit, based upon personal knowledge, which identifies an attached copy of the actual note as being true and correct, the amount of the principal and interest owing on the date of default, and the interest rate accruing from the date of default is considered sufficient proof of the amount owing on a note or other unambiguous instrument. *Id.; see, e.g., Cockrell v. Republic Mortg. Ins. Co.*, 817 S.W.2d 106, 112 (Tex.App.—Dallas 1991, no writ); *Martin v. First Republic Bank, Fort Worth, N.S.*, 799 S.W.2d 482, 485 (Tex.App.—Fort Worth 1990, writ denied); *8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718, 719 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

■ In the present case, Noble submitted his own affidavit as proof of an amount due and owing on both the note and the lease. Noble identified himself as the holder of the note and the lessor under the lease. He was the one to whom payment was to be made. Accordingly, Noble has personal knowledge of the note, the lease, and the amounts due under each. Noble attached true and correct copies of the note, the lease, the settlement agreement, and the lease he entered into with a third party after the clinic defaulted on the lease and vacated the premises. As to the note, he identified its principle balance, he acknowledged the payments made, he also noted the date of default and the interest rate. Based upon the foregoing information, Noble calculated the outstanding balance on the note. As to the lease, he identified the date of default and the outstanding balance of unpaid rent for the unexpired term of the lease. He included in this calculation the Consumer Price Index rent escalation as provided in the lease. He credited to this amount the payments made under the note and the amounts received from the new tenant. He added to this amount the repairs that were necessary in order to relet the premises in order to reach a sum due under the lease.

Accordingly, Noble raised rebuttable presumptions of amounts due under the note and the lease. Stucki presented no summary judgment evidence to counter these presumptions. He did not submit his own affidavit nor the affidavit of his representatives testifying that he made more or greater payments under the note than Noble contends he made. In fact, his deposition testimony indicates that he "doesn't know" how many payments he made under the note. As discussed above, the copies of checks he attached to his response to Noble's summary

judgment are insufficient summary judgment proof. We, therefore, conclude that Noble established as a matter of law that there is a sum due and owing on the note. Stucki's second, fourth, and fifth points of error are overruled.

The judgment of the trial court is affirmed.