

NUMBER 13-17-00425-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DANIEL MARTINEZ, **Appellant,**

**v.**

DOLGENCORP OF TEXAS, INC.
D/B/A DOLLAR GENERAL, **Appellee.**

**On appeal from the 332nd District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Contreras**

Appellant Daniel Martinez appeals from a summary judgment entered in favor of

appellee Dolgencorp of Texas, Inc. d/b/a Dollar General (Dolgencorp). By three issues,

Martinez contends the trial court erred in: (1) holding that Dolgencorp did not owe him a

duty of care, (2) relying on Dolgencorp's summary judgment evidence because the

supporting affidavit was deficient, and (3) denying his motion for a continuance. We reverse and remand for further proceedings.

## I.   BACKGROUND

Martinez visited Dolgencorp's place of business in Edinburg, Texas on September 14, 2014. As Martinez exited the premises, it began to rain, and he slipped and fell on the ramp leading from the sidewalk to the parking lot. On September 9, 2016, Martinez filed suit under a premises liability theory against Dolgencorp for injuries he suffered from the fall and alleged the ramp's surface became slippery due to "the type of paint and/or composition of the materials" used to make it.

Dolgencorp occupied the building which housed its business by way of a lease agreement with Buchalter II, Inc. (Buchalter). In response to Martinez's suit, Dolgencorp filed a traditional motion for summary judgment and asserted it owed no duty to Martinez because it did not control the ramp on which Martinez fell. As evidence in support of its summary judgment motion, Dolgencorp attached: (1) a copy of the lease with Buchalter and two subsequent lease modifications (together referred to herein as "the lease"); (2) a still photograph from a surveillance camera video showing several individuals inside the store; and (3) a one-page affidavit by Suzzanne S. Peet, an employee of Dolgencorp.

Martinez filed a response to Dolgencorp's motion for summary judgment in which he argued that: Peet's affidavit was not based on personal knowledge, and, therefore, the trial court could not rely on the evidence submitted with Dolgencorp's motion for summary judgment; there was an issue of fact as to whether Dolgencorp had control over the ramp on which Martinez fell; and he should be granted a continuance to conduct additional discovery. After a hearing on June 15, 2017, both parties submitted briefs in

2

support of their arguments. The trial court then rendered summary judgment in favor of Dolgencorp on the basis that Dolgencorp did not control the ramp and, therefore, owed no duty to Martinez. This appeal followed.

## II. STANDARD OF REVIEW

We review the grant of summary judgment de novo. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam). The party moving for traditional summary judgment has the burden to submit sufficient evidence to establish that no genuine issue of a material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). A party moving for summary judgment who conclusively negates at least one essential element of the non-movant's cause of action is entitled to summary judgment on that claim. *Sw. Electric Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *see, e.g.*, *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510–11 (Tex. 1995) (concluding summary judgment was proper because defendant disproved causation as a matter of law).

After the movant produces evidence sufficient to show it is entitled to summary judgment, the burden shifts to the non-movant to present evidence raising a fact issue. *See Amedisys*, 437 S.W.3d at 511; *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In reviewing the grant of a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam); *Sw. Electric Power*, 73 S.W.3d at 215.

### III. SUMMARY JUDGMENT EVIDENCE

By his second issue, which we address first, Martinez argues that the trial court erred in considering Dolgencorp's summary judgment evidence because all the evidence relied on the affidavit by Peet, which was not based on personal knowledge. Dolgencorp, on the other hand, contends Peet's affidavit was based on personal knowledge, but it does not dispute that its summary judgment evidence relied on the affidavit.

### A. Standard of Review and Applicable Law

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011); *Rogers v. RREF II CB Acquisitions, LLC*, 533 S.W.3d 419, 426 (Tex. App.—Corpus Christi 2016, no pet.) (applying an abuse of discretion standard to rulings on summary judgment evidence). A trial court abuses its discretion when it rules without regard for any guiding rules or principles. *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 911 (Tex. 2017).

Texas Rule of Civil Procedure 166a(f) requires that affidavits in support of summary judgment must be made on personal knowledge and set forth facts which would be admissible in evidence. TEX. R. CIV. P. 166a(f); *see also* TEX. R. EVID. R. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). "An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient." *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (orig. proceeding); *see Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 669 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Accordingly, an affidavit must disclose the basis on which the affiant has personal knowledge of the facts

4

asserted. *Rogers*, 533 S.W.3d at 428; *see Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 761–62 (Tex. 1988) (per curiam).

"As to the personal knowledge requirement, an affiant's position, job responsibilities, and status as custodian of records may help demonstrate the basis of his personal knowledge." *Berry Contracting, L.P. v. Mann*, __ S.W.3d __, __, No. 13-17-00063-CV, 2018 WL 1972817, at *9 (Tex. App.—Corpus Christi Apr. 26, 2018, no pet. h.) (citing *Rogers*, 533 S.W.3d at 429); *see, e.g.*, *Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 130 (Tex. App.—Dallas 2014, no pet.) (concluding status as a custodian of records with a relationship to the facts of the case may help establish the affiant's personal knowledge); *Valenzuela v. State & Cty. Mut. Fire Ins.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Affidavits demonstrating personal knowledge often state the affiant's knowledge is acquired through not only the person's position, but also through his specifically described job duties."); *Stucki v. Noble*, 963 S.W.2d 776, 780 (Tex. App.—San Antonio 1998, pet. denied) (concluding the personal knowledge requirement may be satisfied if the affidavit sufficiently describes the relationship between the affiant and the case so that it may be reasonably assumed that the affiant has personal knowledge of the facts stated in the affidavit). "The key is whether the affidavit clearly shows the affiant is testifying from personal knowledge." *Pipkin*, 383 S.W.3d at 669. Thus, "[t]he affidavit must 'itself' state the facts and demonstrate the affiant's competency." *Valenzuela*, 317 S.W.3d at 553 (citing *Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394 (Tex. App.—Houston [14th Dist.] 1988, no writ)). "We look to the entire affidavit to determine whether the facts asserted therein are based on

personal knowledge." *Rogers*, 533 S.W.3d at 428 (citing *Noriega v. Mireles*, 925 S.W.2d 261, 264 (Tex. App.—Corpus Christi 1996, writ denied)).

**B.    Application**

Peet's affidavit provides the following:

1. My name is Suzzanne S. Peet. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am a Senior Claims Representative (#2) with Dollar General, which has been sued in this action in connection with an incident involving Daniel Martinez outside the store of Dollar General located at 1121 S. Raul Longoria Road in Edinburg, Texas (the "incident").

3. I have an awareness of the lease and modification agreements, referred to herein by individual name or as Lease and Modification Agreements, that Dolgencorp of Texas, Inc. d/b/a Dollar General executed for the use of the property located at 1121 S. Raul Longoria Road in Edinburg, Texas ("Dollar General").

4. Attached to Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General's Traditional Motion for Summary Judgment ("Motion for Summary Judgment") are to the best of my knowledge true and correct copies of the Lease dated May 24, 2014, between Buchalter II, Inc. and Dolgencorp of Texas, Inc., Lease Modification Agreement #1, and Lease Modification Agreement #2.

5. The Lease and Modification Agreements to the best of my knowledge have been kept in accordance with the normal course of business.

6. I have an awareness of the surveillance video of the incident taken by one of the security cameras of Dollar General, which captured the incident occurring outside of Dollar General. I have viewed the video. I made a photograph of the video, a copy of which is attached as Exhibit 1 of the Motion for Summary Judgment. The photograph is a true and correct copy of the picture frame/section of the video.

Here, Peet's position as a senior claims representative alone, without more, does not affirmatively show how she is testifying from personal knowledge as to the copy of the

6

lease.[1] *See Rogers*, 533 S.W.3d at 429–30; *Valenzuela*, 317 S.W.3d at 554–55; *Stucki*, 963 S.W.2d at 780; *see also Landmark Org., L.P. v. Tremco Inc.*, No. 03-07-00673-CV, 2010 WL 2629863, at *11 (Tex. App.—Austin June 30, 2010, no pet.) (mem. op.) (concluding affiant did not establish personal knowledge where she failed to explain how she would have acquired knowledge through role as secretary of general partner); *Lawrence Marshall Dealerships v. Meltzer*, No. 14-07-00920-CV, 2009 WL 136908, at *4 (Tex. App.—Houston [14th Dist.] Jan. 20, 2009, no pet.) (mem. op.) (concluding affiant failed to establish personal knowledge where he stated job title but failed to identify his duties or other basis for personal knowledge). Although the affidavit states Peet is currently a claims representative for Dolgencorp, it does not state whether she was the claims representative for the underlying suit, what any of her job duties are, how her position as a claims representative afforded her knowledge about Martinez's claim, or how she became familiar with the true and correct copy of the lease. *See Valenzuela*, 317 S.W.3d at 554; *see also Coleman v. United Savs. Ass'n of Tex.*, 846 S.W.2d 128, 131 (Tex. App.—Fort Worth 1993, no writ) (explaining that the requirement that an affidavit be made on personal knowledge is satisfied by an affirmative showing in the affidavit of how the affiant became personally familiar with the facts so as to be able to testify as a witness, "not by a self-serving recitation by the affiant that she has 'personal

---

[1] Along with its summary judgment motion, Dolgencorp also submitted a picture of three individuals standing inside the store, and it is undisputed that Martinez fell and suffered his injuries on the ramp outside the store. Accordingly, the relevant item of evidence for the summary judgment granted by the trial court was the copy of the lease, as it was used to show Dolgencorp did not have control of the ramp as a matter of law. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463 474–75 (Tex. 2017) ("[A] premises liability defendant may be subject to liability if it has a right to control the premises, which 'may be expressed by contract or implied by conduct.'") (quoting *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 214 (Tex. 2008)); *Walmart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324–35 (Tex. 1993) (concluding that lessee is responsible for those areas adjacent to the premises which it actually controls). Accordingly, we focus our analysis only on the affidavit's sufficiency as it pertains to the lease and the two lease modifications.

knowledge.'"). Finally, Peet does not attest that she is a custodian of the records. *See Nat'l Health Res.*, 429 S.W.3d at 130 ("When an affiant's summary judgment affidavit contains testimony that identifies him as a record custodian and establishes his relationship with the facts of the case in a manner sufficient to demonstrate the facts at issue, the personal knowledge requirement for summary judgment affidavits may be satisfied."); *see also* TEX. R. EVID. R. 902(10) (business record affidavit). Thus, we conclude Peet's affidavit does not demonstrate how she is testifying from personal knowledge as to the copy of the lease.

Furthermore, qualified statements such as "to the best of my knowledge" are insufficient to prove up the facts asserted. *Price v. Am. Nat'l Ins.*, 113 S.W.3d 424, 429–30 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing *Hall v. Stephenson*, 919 S.W.2d 454, 466 (Tex. App.—Fort Worth 1996, writ denied) ("Statements that are equivocal or are merely based on the affiant's 'best knowledge' constituted no evidence at all. . . ."); *Geiselman v. Cramer Fin. Group, Inc.*, 965 S.W.2d 532, 537 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Flanagan v. Martin*, 880 S.W.2d 863, 866 (Tex. App.—Waco 1994, writ dism'd w.o.j.) ("When the affiant states that all of the facts are true and correct 'to the best of my knowledge and belief,' the trial court is justified in not considering any of those facts."). Here, Peet states she has an "awareness" of the lease and that the copies submitted with Dolgencorp's motion for summary judgment are true and correct copies of the original "to the best of [her] knowledge." An affidavit may be sufficient if sworn to the phrase "to the best of my knowledge" *if* the statements within the affidavit demonstrate the basis for the affiant's personal knowledge, *see Shaheen v. Motion Indus., Inc.*, 880 S.W.2d 88, 91 n.1 (Tex. App.—Corpus Christi 1994, pet. denied); however, as we

previously concluded, Peet's affidavit fails to do this. Thus, Peet's qualified statements are insufficient to prove up the facts asserted—i.e., that the copy of the lease submitted is a true and correct copy.

Looking at Peet's entire affidavit, we cannot conclude that it affirmatively shows the basis on which she had personal knowledge of the facts asserted regarding the lease, *see Rogers*, 533 S.W.3d at 428; *Pipkin*, 383 S.W.3d at 669; *Stucki*, 963 S.W.2d at 780, and it is inadequate to prove that the copy of the lease submitted with Dolgencorp's motion for summary judgment is a true and correct copy of the original. *See Price*, 113 S.W.3d at 429–30; *Geiselman*, 965 S.W.2d at 537–39. Therefore, the trial court abused its discretion by not sustaining Martinez's objection and excluding the copy of the lease from consideration.

Dolgencorp argues that Martinez did not suggest anywhere in his response that the copy of the lease is not actually a true and correct copy. We disagree. Martinez specifically argued in his response to Dolgencorp's motion for summary judgment that the trial court could not rely on the copy of the lease because Peet did not have personal knowledge as to whether the submitted copy was in fact a true and correct copy of the lease. Furthermore, regardless of whether Martinez challenged the veracity of the copy submitted, the trial court could not have considered the copy of the lease in its summary judgment disposition due to Peet's lack of personal knowledge. *See* TEX. R. CIV. P. 166a(c), (f); *Geiselman*, 965 S.W.2d at 538. Accordingly, we reject this argument by Dolgencorp and conclude that the copy of the lease was improperly considered as competent summary judgment evidence.

We sustain Martinez's second issue.

9

### III. REVIEW OF SUMMARY JUDGMENT

Having concluded that the trial court should not have relied on the copy of the lease submitted by Dolgencorp as summary judgment evidence, we now address whether the trial court erred in granting Dolgencorp's motion for summary judgment.

To prove a claim for premises liability as an invitee, the plaintiff must prove: (1) the defendant was the possessor of the premises; (2) a condition on the premises posed an unreasonable risk of harm; (3) the defendant knew or reasonably should have known of the danger; (4) the defendant breached its duty of care by failing to adequately warn or by failing to make the condition reasonably safe; and (5) the defendant's breach proximately caused the plaintiff's injury. *See Del Lago Partners v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). A defendant is a "possessor" if it exercises control over the premises. *Thornhill v. Ronnie's I-45 Truck Stop, Inc.*, 944 S.W.2d 780, 788 (Tex. App.—Beaumont 1997, writ dism'd); *see United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 474–75 (Tex. 2017) ("[A] premises liability defendant may be subject to liability if it has a right to control the premises, which 'may be expressed by contract or implied by conduct.'") (quoting *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 214 (Tex. 2008)); *Walmart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324–35 (Tex. 1993) (concluding that lessee is responsible for those areas which it actually controls that are adjacent to the premises).

Here, the trial court granted Dolgencorp's traditional motion for summary judgment after concluding Dolgencorp was not in control of the ramp as a matter of law, and, therefore, it did not owe a duty to Martinez. The evidence used by Dolgencorp to prove it did not have control of the ramp was the copy of the lease attached to its motion;

however, as previously discussed, the trial court should not have considered the copy of the lease in its disposition. Thus, Dolgencorp failed to meet its burden for summary judgment to introduce evidence that disproved, as a matter of law, one of the elements of Martinez's claim. *See* TEX. R. CIV. P. 166a(c); *Amedisys*, 437 S.W.3d at 511. Therefore, the trial court erred in granting Dolgencorp's traditional motion for summary judgement.[2] *See Valenzuela*, 317 S.W.3d at 554–55; *Geiselman*, 965 S.W.2d at 539.

## IV. CONCLUSION

We reverse the trial court's summary judgment and remand for further proceedings consistent with this memorandum opinion.

DORI CONTRERAS<br>
Justice

Delivered and filed the
21st day of June, 2018.

---

[2] Because we find Martinez's second issue dispositive, we need not address his first and third issues. *See* TEX. R. APP. P. 47.4.

11