

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00415-CV

_____

LAKXN INCOME, INC., Appellant

V.

TLC HOSPITALITY, LLC, Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-315146-20

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellee TLC Hospitality, LLC sued Appellant LAKXN Income, Inc. for money had and received, among other claims. When TLC moved for summary judgment, LAKXN attempted to manufacture a fact issue on the defense of offset by arranging for an affiliate to partially assign a claim from another lawsuit to LAKXN. The trial court granted summary judgment in favor of TLC, and LAKXN appealed.

On appeal, LAKXN asserts that it created a fact issue on its offset defense sufficient to survive summary judgment. We side against LAKXN due to inadequate briefing, deficient summary judgment proof, and the balance of the equities. We therefore affirm the summary judgment in TLC's favor.

## I. BACKGROUND

TLC owned an apartment complex in Grapevine (the Property). This suit is the latest of many related to the Property.

**The Initial Suit:** The subject of an earlier suit was a 2012 agreement whereby TLC agreed to sell the Property to Pillar Income Asset Management, Inc. *TLC Hosp., LLC v. Pillar Income Asset Mgmt., Inc.*, 570 S.W.3d 749, 757 (Tex. App.—Tyler 2018, pet. denied). There were complications in the sale, which led TLC to back out. *Id.* The trial court determined that TLC had breached the contract and awarded specific performance and other relief to Pillar, and that ruling was affirmed on appeal. *Id.*

2

In 2019, TLC complied with the specific performance judgment by selling the Property to Pillar's assignee, LAKXN. LAKXN later sold the Property to Grapevine Investments, LLC.

**The Equitable Accounting Suit:** In 2018, Pillar also sued TLC for an equitable accounting in an effort to obtain all the income that TLC collected from the Property between 2016 and when the sale was completed, along with compensation for missing out on a more favorable interest rate due to TLC's delay in closing the sale. That suit is ongoing.

**The Tax Suit:** Meanwhile, in another suit, TLC also contested its 2018 tax assessment for the Property. In 2019, TLC won a $36,487.52 tax refund.

**This Suit:** By mistake, the tax assessor sent $26,975.52 of the refund to Grapevine Investments rather than TLC. Grapevine Investments then forwarded the refund on to LAKXN, also by mistake. LAKXN refused to return the refund to TLC, so TLC sued LAKXN for money had and received, unjust enrichment, breach of contract, and constructive trust. TLC moved for summary judgment on its claim for money had and received.

To defeat the summary judgment, Pillar partially assigned its equitable accounting claim to its affiliate LAKXN to the extent of $26,975.52, the same amount as the tax refund that LAKXN had refused to return to TLC. LAKXN relied on that assigned claim to raise the defense of offset. LAKXN contended that because TLC

owed $26,975.52 to LAKXN on the assigned claim, this should cancel out and offset the $26,975.52 that LAKXN owed TLC.

The trial court granted a summary judgment for $26,975.52 to TLC, and LAKXN appealed.

## II. SUMMARY JUDGMENT STANDARD

In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the motion. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). A plaintiff satisfies its initial summary judgment burden if it conclusively proves all essential elements of its cause of action. *Charles Glen Hyde, Nw. Reg'l Airport, Inc. v. Nw. Reg'l Airport Prop. Owners Ass'n, Inc.*, 583 S.W.3d 644, 648 (Tex. App.—Fort Worth 2018, pet. denied).

If the movant carries its initial burden, "the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment." *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). Where the nonmovant relies on an affirmative defense to defeat summary judgment, the nonmovant has the burden in its summary judgment response to present evidence sufficient to raise a fact issue on each element of the affirmative defense. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017).

4

## III. DISCUSSION

"[A] cause of action for money had and received is 'less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case and looks solely to the inquiry of whether the defendant holds money that belongs to the plaintiff.'" *GRCDallasHomes LLC v. Caldwell*, 619 S.W.3d 301, 310 (Tex. App.—Fort Worth 2021, pet. filed) (cleaned up) (quoting *Staats v. Miller*, 243 S.W.2d 686, 687–88 (Tex. 1951)). "To prove a claim for money had and received, a plaintiff must show that a defendant holds money which in equity and good conscience belongs to him." *Id.* (quoting *Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 302 n.4 (Tex. 2015)). For this type of claim, we afford the trial court broad discretion in balancing the equities of the case. *Id.* "In defending against such a claim, a defendant may present any facts and raise any defenses that would deny the claimant's right or show that the claimant should not recover." *Best Buy Co. v. Barrera*, 248 S.W.3d 160, 162 (Tex. 2007) (per curiam).

LAKXN does not dispute that TLC carried its initial summary judgment burden to conclusively prove its claim for money had and received through its evidence concerning LAKXN's appropriation of TLC's tax refund.[1] Instead, LAKXN contends that it presented evidence sufficient to raise a fact issue on its defense of offset. We therefore turn to the question of whether LAKXN created a

---

[1]We note, however, that TLC did not sue the tax assessor for the money it never sent to TLC.

5

fact issue on that defense so as to defeat TLC's entitlement to summary judgment. *See Action Towing, Inc. v. Mint Leasing, Inc.*, 451 S.W.3d 525, 531 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (same approach); *Goodenberger v. Ellis*, 343 S.W.3d 536, 540 (Tex. App.—Dallas 2011, pet. denied) (same approach).

Setoff (or offset) "is the doctrine of bringing into the presence of each other the obligation of A to B and B to A and by the judicial action of the court making each obligation extinguish the other." *J. Michael Ferguson, P.C. v. Ghrist Law Firm, PLLC*, No. 02-18-00332-CV, 2021 WL 2006321, at *27 (Tex. App.—Fort Worth May 20, 2021, pet. abated) (mem. op.) (cleaned up). If the setoff is allowed, the amount that the plaintiff would recover from the defendant is reduced by the amount that the plaintiff owes the defendant. *Bandy v. First State Bank, Overton*, 835 S.W.2d 609, 618 (Tex. 1992) (op. on reh'g); *J. Michael Ferguson*, 2021 WL 2006321, at *26. The doctrine's aim is "to avoid a multiplicity of suits when the debts are mutual," *Branscum v. Reese*, 219 S.W. 871, 872 (Tex. App.—Fort Worth 1919, no writ), and to adjust the debts in net effect so as "to permit executory process to be enforced only for the balance that may be due." *Nalle v. Harrell*, 12 S.W.2d 550, 551 (Tex. [Comm'n Op.] 1929); *Balfour Beatty Rail, Inc. v. Kan. City S. Ry. Co.*, 173 F. Supp. 3d 363, 406 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 F. App'x 256 (5th Cir. 2018).

A defendant may raise a setoff either "as a defense or counterclaim." *Bandy*, 835 S.W.2d at 618; *J. Michael Ferguson*, 2021 WL 2006321, at *26; *see Trueheart v. Braselton*, 875 S.W.2d 412, 415 (Tex. App.—Corpus Christi–Edinburg 1994, no writ).

6

Thus, a defendant may defeat a plaintiff's entitlement to summary judgment by raising a fact issue on setoff if it is employed as an affirmative defense. *See Stucki v. Noble*, 963 S.W.2d 776, 781 (Tex. App.—San Antonio 1998, pet. denied) ("[T]he burden was upon Stucki to produce competent summary judgment proof sufficient to raise a fact question regarding whether offsets or payments had been credited to the note.").

However, LAKXN's briefing of the setoff issue leaves much to be desired. *See* Tex. R. App. P. 38.1(i). The whole of LAKXN's argument on this front is contained in two sentences, which assert without elaboration that LAKXN's evidence creates a fact issue.[2] LAKXN then broadly cites to a 130-page swath of the record, but LAKXN offers no explanation of what evidence it contains or how it creates a fact issue. Also absent is any discussion of equitable accounting, what it entails, or how it might entitle LAKXN to the relief it seeks.[3] We liberally construe briefs, but this

---

[2]Those two sentences are as follows:

> Here, the evidence, at the very least, raises a fact issue that TLC owes Pillar more than the $26,975.52 awarded to TLC by the trial court . . . and that Pillar validly assigned a limited portion of its claims against TLC to [LAKXN] in the amount of $26,975.52. . . . Accordingly, there is a genuine issue of material fact as to whether the money in equity and good conscience belongs to TLC because, as set forth above, there is a genuine issue of material fact that [LAKXN] is entitled to the funds as a setoff as Pillar's limited assignee of the amount of the tax refund, $26,975.52, as an offset or setoff.

[3]"An accounting may be a particular remedy sought in conjunction with another cause of action or it may be a suit in equity." *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 674 (Tex. App.—Houston [14th Dist.] 2016, no pet.). "[W]hether to grant 'an accounting is within the discretion of the trial court.'" *Williams v. Wells Fargo*

7

cursory sort of argument stretches that liberality to its breaking point. *See Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020) (per curiam).

The problem is compounded by the unexplained gaps in LAKXN's proof concerning the setoff it seeks in this suit, which covers the period of 2016 to 2019. In support of its defense, LAKXN primarily relies on an unsworn declaration from Pillar's employee Rhys Heinsch, along with calculations that Heinsch drafted and testimony that he gave in a prior trial.

At the prior trial, Heinsch testified that when TLC breached the contract and refused to sell the Property to Pillar as previously agreed, this caused Pillar to lose the rental income that it would have otherwise collected between 2013 and 2015. According to Heinsch, TLC's breach also caused Pillar and LAKXN to miss out on a more favorable interest rate. Heinsch quoted several numbers that related solely to his damage calculations from 2013 to 2015.

---

*Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014) (quoting *Sw. Livestock & Trucking Co. v. Dooley*, 884 S.W.2d 805, 809 (Tex. App.—San Antonio 1994, writ denied)). An equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law. *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied). "To be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting." *T.F.W.*, 79 S.W.3d at 717. "When a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting." *Id.* at 717–18.

In his declaration in this suit, Heinsch states that he updated his calculations to account for the period at issue in this suit, 2016 to 2019, and he attaches exhibits reflecting the Property's "balance sheet" and its "financial damages." However, there his explanation ends. Heinsch never states how he updated the calculations, the significance of the exhibits or the numbers they contain, how they relate to equitable accounting, or, most importantly, the basis of his personal knowledge. A declarant must establish the basis for his personal knowledge. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (per curiam); *Ruff v. Ruff*, No. 11-20-00122-CV, 2021 WL 388707, at *10 (Tex. App.—Eastland Feb. 4, 2021, pet. filed) (mem. op.). The numbers reflected in those exhibits differ materially from his calculations at the prior trial and from the numbers stated by another declarant, Mark Cooper, as the amount of damages that LAKXN has sustained in this suit. Heinsch offers no testimony to explain these discrepancies. He simply states that he reviewed financial data and arrived at certain conclusions. "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Atmos Energy Corp. v. Paul*, 598 S.W.3d 431, 467 (Tex. App.—Fort Worth 2020, no pet.). Heinsch's declaration is conclusory, and "[c]onclusory statements are not proper summary judgment proof." *Id.* As for the exhibits attached to Heinsch's declaration, while these financial documents might mean something to an accountant, their significance is wholly lost on this court in the absence of any meaningful explanation, either in the briefing or the evidence.

9

Thus, the sum total of what LAKXN has offered is: (1) by way of briefing, a bare assertion that its evidence creates a fact issue, with no other argument and no elucidation of what that evidence might be, and (2) by way of declaration, a conclusory statement that certain calculations have been updated, with no demonstration of personal knowledge and no explanation of the nature or significance of those calculations. We cannot say that this is enough to adequately brief the issue[4] or, even considering the merits, to create a fact issue on LAKXN's affirmative defense of setoff. *See Stucki*, 963 S.W.2d at 781.

Even setting aside the issues with LAKXN's briefing and evidence, it should be remembered that this is an equitable suit for money had and received and for equitable accounting, and setoff itself has been described as an equitable doctrine. *See, e.g.*, *Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 175 (5th Cir. 1994). Thus, equitable concerns take center stage, and one of those concerns must be the negative equitable dimension of Pillar's assignment of its claim to LAKXN. By partially assigning a claim to LAKXN in the exact amount of the liability asserted by TLC, Pillar is attempting to manufacture a fact issue where none would otherwise exist. In doing so, Pillar is needlessly doubling the amount of litigation involved in resolving its claim.

---

[4]"Brief conclusory statements unsupported by argument or citation to legal authorities present nothing for review." *In re C.R.A.*, 453 S.W.3d 623, 633 (Tex. App.—Fort Worth 2014, no pet.).

As a general rule, "causes of action are freely assignable in Texas." *Am. Homeowner Pres. Fund, LP v. Pirkle*, 475 S.W.3d 507, 517 (Tex. App.—Fort Worth 2015, pet. denied). "However, exceptions have been carved out of this general rule, mostly in situations when the particular assignment presents specific dangers, such as jury confusion, the multiplication of disputes, and potential prejudice to the parties." *Id.* (cleaned up). Thus, courts may employ equitable principles to bar certain types of assignment, *id.* at 518, wherein an assignment is used as a "transparent device" to "increase and distort litigation." *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 708, 711 (Tex. 1996).

We do not go so far as to strip the assignment of legal force. Rather, we simply note that equity traditionally has an "aversion" to "the multiplying of contentions and suits" through manipulative assignments. *Id.* at 706 (cleaned up). Pillar's assignment to LAKXN is a transparent ploy that would unnecessarily multiply the contentions and suits. Thus, Pillar and LAKXN's attempt to distort the litigation does not swing the balance of equities in their favor, which is essential since the merits of this suit come down to the interplay of three equitable doctrines.[5]

---

[5]Briefly, LAKXN also maintains that the affirmative defense of express contract should bar TLC's equitable suit for money had and received. "[W]hen a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement." *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 50 (Tex. 2008) (op. on reh'g). "It has long been the law . . . that where an adequate and complete remedy at law is provided, our courts, though clothed with equitable jurisdiction, will not grant equitable relief." *GRCDallasHomes*, 619 S.W.3d at 308 (cleaned up).

We therefore overrule LAKXN's first issue for reasons of inadequate briefing, failure of summary judgment proof, and equity. Most important are the deficiencies in LAKXN's summary judgment proof; because LAKXN failed to carry its responsive burden to generate a fact issue on its affirmative defense, TLC is entitled to summary judgment on its claim for money had and received. This renders it unnecessary to consider LAKXN's remaining arguments, which attack the alternative grounds on which summary judgment might also have been upheld.

## IV. CONCLUSION

We affirm the trial court's summary judgment in favor of TLC.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 22, 2021

---

LAKXN has not identified what contract covers the subject matter of TLC's suit for money had and received, which concerns LAKXN's wrongful withholding of a tax refund that was meant for TLC. The only contract that LAKXN included in its summary judgment proof was the contract whereby TLC agreed to sell the Property to Pillar, but that contract says nothing of a tax refund that would not be accrued until six years after the contract was finalized. We therefore do not see what contract overlaps with the subject matter of TLC's claim for money had and received. LAKXN has failed to create a fact issue on the affirmative defense of express contract.